IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD K. COLEMAN,<br>                  Petitioner,<br><br>      vs.<br><br>BRIAN COLEMAN, Superintendent SCI<br>Fayette, PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE,<br>                  Respondents. | )<br>)<br>)<br>) Civil Action No. 11-837<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Petitioner Reginald Coleman has presented a Petition for Writ of Habeas Corpus against Respondents Brian Coleman, Superintendent SCI Fayette and the Pennsylvania Board of Probation and Parole, alleging the violation of his rights to due process and equal protection under the First, Eighth and Fourteenth Amendments to the United States Constitution as a result of the purported arbitrary and capricious calculation of the time to be served in the Respondents' custody for violating the conditions of his parole. [ECF No. 1].

On September 29, 2011, this Court issued an Order directing Petitioner to show cause why his case should not be dismissed for failure to prosecute as a result of Petitioner's conduct in failing to pay to the Court either a $5.00 filing fee or failing to file a Motion to Proceed In Forma Pauperis, with an election consenting to proceed before a U.S. Magistrate Judge, as previously directed by Order dated September 1, 2011. [ECF Nos. 3, 4]. To date, Petitioner has failed to respond.

1

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors Nos. 1, 3, and 4 all relate to Petitioner's failure to comply with this Court's Orders which weigh heavily against him. Petitioner has had over eight weeks to comply with the Court's initial Order requiring the payment of the de minimus $5.00 filing fee or the filing of a Motion to Proceed In Forma Pauperis, as well as the filing of the required judicial selection form. Petitioner has not only failed to comply, he has failed to communicate his reasons for his lack of compliance.

With respect to the Factor No. 2 -- the prejudice caused to the adversary by Petitioner's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Respondents other than general delay. Similarly, Factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in

favor nor against Petitioner. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Petitioner filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to comply with the Court's Orders so that the case may proceed, as evidenced by his failure to respond to the Order to Show Cause, it appears that Petitioner has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982). Accordingly, an appropriate Order follows:

And now, this ___ day of November, 2011, IT IS HEREBY ORDERED that Petitioner's Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

BY THE COURT,

/s/Maureen P. Kelly
United States Magistrate Judge

Dated:

cc: cc: Reginald K. Coleman
DL-8705
SCI Fayette
PO Box 9999
La Belle, PA 15450-0999

3